IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRATELLI D'AMATO SpA

        Plaintiff,

v.

PACTRANS AIR & SEA USA a/k/a
PACTRANS AIR & SEA, INC.

        Defendant.

Civil Action No.

## VERIFIED COMPLAINT

Plaintiff Fratelli D'Amato SpA (hereinafter "Fratelli"), by its attorneys, Babst, Calland, Clements & Zomnir, P.C., as and for its Verified Complaint against Defendant Pactrans Air & Sea USA a/k/a Pactrans Air & Sea, Inc. (hereinafter "Pactrans"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim relating to the breach of a maritime contract for the charter of an oceangoing cargo vessel and sums due in respect to the performance of that contract. As such, this case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. At all times material hereto, Plaintiff Fratelli was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address at Via Dei Fiorentini 21, 80133 Naples, Italy, and was the disponent owner of the M/V AOM MILENA, an ocean going vessel.

3. At all times material hereto, Defendant Pactrans was and still is a foreign business entity duly organized and existing under the laws of Illinois with an office and place of business at 951 Thorndale Avenue, Bensenville, Illinois 60106, and was the charterer of the M/V AOM MILENA.

4. Defendant Pactrans has no known office, business presence or agent(s) in the Western District of Pennsylvania.

5. Pursuant to a contract of charter party dated July 11, 2013, which is subject to English law, Plaintiff Fratelli let the vessel M/V AOM MILENA to Defendant Pactrans for a single voyage for the carriage of a full and complete cargo of about fifty thousand (50,000) metric tons of soya beans (about being 5% more or less in the Defendant Pactrans' option) from one safe port/berth at San Lorenzo, Argentina to one safe port/berth at Xiamen and Qingdao, China (hereinafter the "Charter"). A copy of the Charter is annexed hereto as Exhibit 1 and incorporated by reference herein.

6. Pursuant to the terms of the Charter, Plaintiff Fratelli duly delivered the vessel at San Lorenzo, Argentina on July 27, 2013, and tendered Notice of Readiness confirming the vessel's availability for loading of the cargo at the designated load port. (*See* Exhibit 2, copy of Notice of Readiness).

7. Contrary to Defendant Pactrans' obligations to timely provide a cargo for loading, the vessel remained idle at San Lorenzo, Argentina from the tender of Notice of Readiness on July 27, 2013 through to the early part of December 2013.

8. Defendant Pactrans' failure to provide the cargo for loading in a timely fashion constituted an actual repudiatory breach and/or an anticipatory repudiatory breach under English law (*i.e.* the law of the Charter), and that same failure to timely provide the cargo for loading

resulted in an actual and/or inevitable delay(s) to the vessel which constituted a sufficient basis under English law for the frustration of the commercial purpose(s) of the Charter, thereby entitling Plaintiff Fratelli to withdraw and cancel the Charter, which it did on December 9, 2013.

9. As a consequence to the foregoing, Plaintiff Fratelli has suffered losses and/or will incur damages, as nearly as can now be estimated, associated with the breach and delay to the vessel, in the total sum of $2,950,000 consisting of damages/losses due to the non-performance of the Charter, and costs associated with the bunkers consumed during the period the vessel was idle, the need for hull cleaning, and other associated costs.

10. Plaintiff Fratelli has a good and arguable claim under English law for recovery of the sum identified in paragraph 9 above, and is presently pursuing Defendant Pactrans in London arbitration for that amount, together with a recovery of interest, costs and attorneys' fees, all of which are recoverable in London arbitration as an element of the claim.

11. Plaintiff Fratelli estimates, as nearly as can be calculated, that interest (for the period the case is estimated to run in arbitration – three years) will be $287,625 at the prevailing rate of 3.25%, and costs and attorneys' fees incurred in connection with the prosecution of the claim in London arbitration (inclusive of arbitrators' fees which are also recoverable) will be $500,000.

12. As outlined above, the Charter provides for arbitration in London pursuant to English law, and this action is brought to obtain security in connection with Plaintiff Fratelli's claims for London arbitration.

13. Upon information and belief and after investigation, Plaintiff Fratelli submits that Defendant Pactrans cannot be "found" within this District for the purpose of an attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. However, Plaintiff Fratelli is informed and believes that Defendant Pactrans has or will shortly have

property within this District, including but not limited to assets in the form of cash and/or deposits in its name located at The PNC Financial Services Group, Inc., PNC Bank a/k/a PNC Bank, N.A., PNC Bank Corporation and/or PNC Bank National Association.

WHEREFORE, Plaintiff Fratelli prays:

a. That process in due form of law according to the practice of this Court issue against the Defendant Pactrans, citing it to appear and answer under oath all and singular the matters alleged;

b. That to the extent Defendant Pactrans cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, all tangible or intangible property of the Defendant Pactrans up to and including the sum of $3,737,625 be restrained and attached, including but not limited to any cash, funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of or debt, belonging to, due to, from, or for the benefit of Defendant Pactrans (collectively "ASSETS"), including but not limited to such ASSETS as may be within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court retain jurisdiction over the matter while the arbitration proceeds for purposes of any subsequent enforcement action as may be necessary; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: December 17, 2013

BABST, CALLAND
CLEMENTS & ZOMNIR, P.C.

By /s/Leonard Fornella
    Leonard Fornella
    PA I.D. No. 27921

Sixth Floor
Two Gateway Center
Pittsburgh Pennsylvania 15222
(412) 394-6533
lfornella@babstcalland.com

Attorneys for Plaintiff,
Fratelli D'Amato SpA